# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR VALENZUELA,<br><br>      Petitioner,<br><br>  v.<br><br><br>WARDEN, FCI-MENDOTA,<br><br>      Respondent. | Case No.  1:26-cv-01009-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He is currently in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Mendota, California.

Petitioner filed the instant petition on February 5, 2026, claiming his due process rights were violated. (Doc. 1.) For reasons discussed below, the Court will recommend the petition be summarily dismissed.

## I.    BACKGROUND

On September 25, 2024, an incident report was issued charging Petitioner with interfering with security devices in violation of BOP Code 208, being in an unauthorized area in violation of BOP Code 316, and failing to follow safety regulations in violation of BOP Code 317. (Doc. 1 at 10.)

1

According to the Disciplinary Hearing Officer's ("DHO") report, on September 15, 2024, Petitioner was seen on video camera standing on a trash can holding an altered broom stick attempting to manipulate a switch to turn all the televisions on. (Doc. 1 at 11-12.)  Petitioner was being assisted by another inmate who held the trash can while Petitioner stood upon it. (Doc. 1 at 12.) Both inmates admitted the misconduct to investigating officers. (Doc. 1 at 12.)

On October 3, 2024, a disciplinary hearing was conducted. (Doc. 1 at 19.) At the hearing, Petitioner admitted he received a copy of the incident report, declined to call any witnesses, declined a staff representative, and declined to submit any documentary evidence. (Doc. 1 at 11.). Petitioner does not dispute these facts. The DHO questioned Petitioner, and Petitioner admitted the charge. (Doc. 1 at 12.)  The DHO concluded Petitioner was guilty of the charged offenses. (Doc. 1 at 12.) Among other penalties, Petitioner was sanctioned with a loss of 27-days of good conduct time. (Doc. 1 at 21.)

## II.    **DISCUSSION**

### A.    **Jurisdiction**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991).  To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner.  See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody);

Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).

Petitioner challenges the execution of his sentence.  Therefore, the Court has jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241.

**B.    Venue**

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677. Petitioner is in the custody of the Bureau of Prisons at FCI-Mendota, which is located within the jurisdiction of this Court.  28 U.S.C. §§ 2254(a); 2241(d).  Therefore, venue is proper in this Court.

**C.    Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies.  Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id.  If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. Here, Petitioner appears to have exhausted his administrative remedies.

**D.    Review of Petition**

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment.  Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs"

of a prison.  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive the following procedural guarantees: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an impartial hearing body; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.

Petitioner does not dispute that he received advanced written notice of the charges, that the hearing body was impartial, that he was provided with an opportunity to call witnesses and present documentary evidence, and that he was provided a written statement by the DHO. Thus, Petitioner's procedural due process rights were not violated.

Petitioner contends he was not provided with a copy of the incident report within 24 hours of staff becoming aware of the prohibited act, as is required under BOP regulations. According to the disciplinary hearing report and the administrative appeals, it appears Petitioner's incident report was re-written, and therefore, the report was not provided until after this had been accomplished. (Doc. 1 at 17.)  In any case, the contention does not merit relief. Petitioner does not dispute he received at least 24 hours written advanced notice of the charges. Therefore, his due process rights were not violated. He also fails to show how he was prejudiced in any way by the delayed notice.

In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455 (citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)). Petitioner contends that he was not allowed to see the video evidence, and he questions how he was identified. (Doc. 1 at 6.) As Petitioner admitted to the charges when questioned by investigating officers and by the DHO at the disciplinary hearing, his admission of guilt constitutes at least "some evidence" to support the guilty finding.

Petitioner also contends that he was denied a fair hearing because he filed an appeal. He

claims BOP personnel retaliated against him in his hearing due to his filing of an appeal. The allegation does not bear scrutiny. The hearing was conducted on October 3, 2024. (Doc. 1 at 19.) Petitioner was found guilty and assessed a loss of 27 days of good conduct time. (Doc. 1 at 21.) Petitioner was given a copy of the DHO Report on November 27, 2024. (Doc. 1 at 22.) He did not file an appeal until December 9, 2024. (Doc. 1 at 14.) It does not make sense that BOP personnel retaliated against Petitioner in his hearing in November for an appeal filed in December. While the DHO report was amended in April of 2025 to correct the proper code violation, the sanctions remained the same. (Doc. 1 at 12-13.)

Accordingly, Petitioner fails to demonstrate that his due process rights were violated. Wolff, 418 U.S. at 564.

**III.    ORDER**

The Clerk of Court is directed to randomly assign a district judge to this case.

**IV.    RECOMMENDATION**

For the foregoing reasons, the Court hereby RECOMMENDS that the petition for writ of habeas corpus be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **February 10, 2026**                    /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

6